Alexander Nemolovsky, Individually and as Acting Archbishop of the Russian Orthodox Greek Catholic Church of North America, and as Acting Archbishop of the North American Ecclesiastical Consistory of the Russian Orthodox Greek Catholic Church, and Joseph Dzvonchik, Appellants, v. Vladimir Rykhloff, Respondent.

First Department, April 17, 1919.

Religious associations — action by plaintiff individually and as acting archbishop of Greek Catholic church to restrain priest from acting as such and to compel him to turn over property to another priest appointed to take his place — sufficiency of complaint.

In a suit for an injunction restraining the defendant from in any way acting as priest or rector of the " Holy Resurrection Church," and restraining said defendant from conducting services in said church, or in any wise interfering therewith, and directing him to turn over to the coplaintiff the " Holy Antimins," the plaintiff sued in a dual capacity, both " individually and as Acting Archbishop of the Russian Orthodox Greek Catholic Church of North America, and as Acting Archbishop of the North American Ecclesiastical Consistory of the Russian Orthodox Greek Catholic Church." Plaintiff sought two distinct remedies, one based upon his claim of right under the fee owner of the church property to restrain the defendant from conducting services in the church or in any wise interfering therewith, and the other based upon his claim of right in his official capacity to remove the defendant from his office of priest and rector in the church organization from which plaintiff's power is derived, and to determine who is entitled to officiate as priest and rector in said church property which has been turned over to the Holy Resurrection Church by the fee owner to use same for the purposes of worship according to the tenets of the Russian Orthodox Greek Catholic church.　　It is alleged that the archbishop, being the fee owner of the property and having granted leave to the Holy Resurrection Church to use it, being about to leave the country, appointed the plaintiff acting archbishop and transferred to him control and management of said property; that the plaintiff appointed the defendant temporary rector, but subsequently removed him for misconduct and appointed the coplaintiff.　　Provisions of the complaint examined, and

Held, insufficient to establish plaintiff's right to maintain the action either in his individual or official capacity.

Appeal by the plaintiffs, Alexander Nemolovsky, individually and as acting archbishop, and another, from an order of the Supreme Court, made at the New York Special Term and

entered in the office of the clerk of the county of New York on the 21st day of November, 1918, denying their motion for judgment on the pleadings and sustaining defendant's demurrer to the amended complaint.

*Julius B. Baer* of counsel [*Victor E. Gartz*, attorney], for the appellants.

*Henry Waldman*, for the respondent.

SHEARN, J.:

The complaint, which has been demurred to, closes with a demand for " an injunction restraining the defendant from in any way acting as a priest or rector of the Holy Resurrection Church, located at 121 East 7th street, New York City, and restraining said defendant from conducting services in said church, or in anywise interfering therewith, and directing the said defendant to turn over to the plaintiff, Joseph Dzvonchik, the Holy Antimins." The plaintiff Dzvonchik is not entitled to any affirmative relief and is merely joined as a party plaintiff because he is interested in the subject-matter of the action and is the person to whom it is demanded that the Holy Antimins be turned over by the defendant. The real plaintiff is Alexander Nemolovsky, who sues in a dual capacity, both " individually and as Acting Archbishop of the Russian Orthodox Greek Catholic Church of North America, and as Acting Archbishop of the North American Ecclesiastical Consistory of the Russian Orthodox Greek Catholic Church." Nemolovsky will be referred to as the plaintiff. The allegations intended to sustain the plaintiff's right to maintain the suit in his individual capacity and his right in his official capacity are so intermingled that it is difficult to separate them, but when they are separated and analyzed it is at once apparent that two distinct remedies are sought. One is based upon plaintiff's claim of right under the fee owner of the church property to restrain the defendant from conducting services in the church or in any wise interfering therewith; the other is based upon plaintiff's claim of right in his official capacity to remove the defendant from his office of priest and rector in the church organization from which plaintiff's power is derived, and to determine who is entitled to officiate as

priest and rector in this church property which has been turned over to the Holy Resurrection Church, an unincorporated association, by the fee owner to use same for the purposes of worship according to the tenets of the Russian Orthodox Greek Catholic Church.

It is alleged that "Evdokim Meschersky was the Archbishop of the Ecclesiastical Consistory of the Russian Orthodox Greek Catholic Church, and the Archbishop of the Russian Orthodox Greek Catholic Church, and the Archbishop of the Russian Orthodox Greek Catholic Church of North America;" that the archbishop, Meschersky, being the fee owner of the property, and having granted leave to the Holy Resurrection Church to use it, as above stated, being about to depart for Russia in August, 1917, to attend the Church Ecumenical Council, appointed the plaintiff acting archbishop and transferred to the plaintiff "the full control, management and disposition of the property, above described, situated at 121 East 7th Street, New York City, and the full and exclusive right to the possession thereof." It is then alleged that by virtue of certain by-laws of the archbishop and consistory of the Russian Orthodox Greek Catholic Church the plaintiff has the exclusive power to ordain, appoint and remove priests and clergy of all churches in North America belonging to said consistory. The by-laws pleaded, however, give no evidence of any such power. It is alleged that on August 17, 1917, the plaintiff appointed the defendant temporary rector of the said Holy Resurrection Church and that defendant pursuant to his appointment entered upon his duties; that defendant has acted in a manner detrimental to the welfare of his parishioners, contrary to the wishes and instructions of the plaintiff, and contrary to the directions and wishes of the district ecclesiastical council, and contrary to the rules of the consistory, and the doctrines of the holy synod, in various specified respects, in consequence of which the plaintiff removed him, by virtue of the authority vested in him as acting archbishop "and in conjunction and on advisement with the District Ecclesiastical Superintendents' Council," and appointed the coplaintiff as priest and rector in his stead, but that the defendant has refused to vacate the church and to cease officiating as a rector and priest thereof.

There appear to be insuperable difficulties in the way of sustaining plaintiff's right to maintain the action in his individual capacity. He claims no legal title to the property, and the allegations are consistent with his being merely its custodian as the agent of the owner. As such he would clearly have no right to maintain an action in his own name to eject the defendant or to restrain the defendant from entering upon the property or acting as priest and rector for the Holy Resurrection Church. In the next place, it appears that in 1914 the owner of the property granted leave to the Holy Resurrection Church to use the property for the purposes of worship. It does not appear that plaintiff has, or claims, a right, as an individual, superior to that of the Holy Resurrection Church itself. If plaintiff received the property subject to the right of the Holy Resurrection Church to use the property for worship according to the tenets of the parent church, assuming that plaintiff had the right to maintain in his own name an action in the interest of the owner, his right would be dependent upon the breach by the church of the agreement under which it uses the property. Plaintiff claims no such breach by the church but directs the action solely against the defendant. But defendant asserts no individual right to the use of the property. He claims solely in his right as rector of the Holy Resurrection Church. Accordingly, if it be assumed that the plaintiff holds the property under an implied trust to permit its use only in the manner prescribed by the owner, *i. e.*, for worship according to the tenets of the parent church, the action would necessarily have to be directed against the church. For example, if the Holy Resurrection Church had been some independent membership corporation, and the owner had granted it the privilege to use the property on condition that it would not permit any intoxicating liquors to be brought on the premises and defendant had brought such liquors upon the premises, the owner's action would not be against the individual, but against the unincorporated association. The plaintiff, however, does not wish to take any such position or any such action. It is impossible to spell out from the complaint, giving it the most liberal construction, any right in the plaintiff in his individual capacity to maintain this action against this defendant.

Turning to the other branch of the case, it is apparent that if the plaintiff is vested in his official capacity with the power to appoint and to remove priests and rectors and to determine who is entitled to officiate as such in all the churches in the North American Consistory and to decide whether the worship therein is according to the tenets of the parent church and the doctrines of the holy synod, he has a clear right to maintain the action. The complaint, however, is radically defective in its failure to set forth any facts from which the court can infer plaintiff's claimed authority. The difficulty is that pointed out by VANN, J., in *Baxter* v. *McDonnell* (155 N. Y. 83) wherein he stated:

" * * * there is nothing to show the nature of the church, except as it may be implied from its name and the names given to certain of its officers. There are no allegations as to its civil rights, power or. capacity. We cannot tell from the complaint, which is our sole guide, whether it is a corporation, a voluntary association, or a mere name, adopted by the pleader for some purpose undisclosed. * * * The pleader seems to have assumed that the court will take judicial notice of the nature and powers of the Holy Roman Catholic Church, so far as its civil rights and duties are concerned, without any averment or proof upon the subject. Judicial notice is to be taken with caution, and every· reasonable doubt as to the propriety of its exercise in a given case should be resolved against it. * * * According to the general practice of the courts in all jurisdictions proof has been required upon the subject of church rights and powers, and whatever is to be proved must be alleged. * * *

" We have no statute to guide us upon the assumption that, by implication, it is part of the complaint. If, instead of the Holy Roman Catholic Church, the pleader had made use of an abstract term or a name that might be applied to various organizations, incorporated or voluntary, the complaint would have had the same effect as a pleading that it now has. If, wherever the word ' church ' appears, by its full name or otherwise, a mere abstraction had been used, as, for the sake of illustration the letter ' X,' the complaint would then allege that by virtue of the rules and regulations of ' X ' the defendant assumed certain obligations and the

plaintiff became entitled to certain rights, yet no one would seriously contend that such allegations constituted a cause of action. * * * For aught that appears, the church at large depends wholly upon moral power to carry on its functions without appealing to the civil authorities for aid, either through the Legislature or the courts. The complaint alleges no common-law, equitable or statutory cause of action. If all averments relating to the rules and regulations of the church were stricken out, nothing of substance would remain upon which the defendant could be held liable. No force can be given to the rules and regulations as alleged, because there is no allegation as to the civil standing, position or rights of the body that is supposed to have made them."

Here it is alleged that the Holy Resurrection Church is an unincorporated association, subject to and under the supervision of the archbishop and consistory of the Russian Orthodox Greek Catholic Church, but there is nothing to show what either of the three bodies mentioned in the complaint is, viz., the Russian Orthodox Greek Catholic Church, the consistory of the same, and the Russian Orthodox Greek Catholic Church of North America. Plaintiff's power and authority comes from these bodies, but there being nothing in the complaint to show what they are, the measure of his power is not made known. It is true that the complaint alleges that defendant has been removed as rector, but to uphold that allegation this court must assume that the consistory of the Russian Orthodox Greek Catholic Church has some status to which the laws of this State apply; and, further, that the power of appointment of church officers by the archbishop, and the power of transfer, set forth in the by-laws pleaded, apply to an acting archbishop and carry with it the power of removal, alleged as a conclusion. No other power of removal is pleaded. The court is not warranted in indulging in such assumptions. It has been suggested that the complaint might be sustained on the theory that the defendant, who owes his appointment to the plaintiff, is estopped from questioning his power of removal. But if estoppel may be resorted to in order to sustain the sufficiency of a complaint, there is no estoppel here, for it does not at all follow that the power to appoint an official carries with it the power to remove that official.

Plaintiff is not without remedy. By a proper complaint setting forth the status of the parent organizations, and containing proper allegations showing authority for the removal of defendant, the latter can be restrained from acting as priest and rector; and as this is the sole source of defendant's claim on the premises, an action to restrain him from using the property would lie against him personally. Eut under the present complaint, which recognizes the right cf the church to use the property, I do not see how defendant can be restrained from using it without an attack upon his office, or, in default of this, without restraining the church in which he holds office.

The order should be affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve an amended complaint within twenty days on payment of costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiffs to amend complaint on payment of costs in this court and at Special Term.